# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**REGINALD DAVIS (#609626)**          **CIVIL ACTION NO.**

**VERSUS**                                          **24-321-BAJ-EWD**

**19TH JUDICIAL DISTRICT COURT, ET AL.**

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on November 5, 2024.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

REGINALD DAVIS (#609626)                                CIVIL ACTION NO.

VERSUS                                                  24-321-BAJ-EWD

19TH JUDICIAL DISTRICT COURT, ET AL.

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Complaint, as amended, of Reginald Davis ("Plaintiff"), who is representing himself and who is incarcerated at the Louisiana State Penitentiary.[1] Based on the claims screening process required under 28 U.S.C. § 1915A and permitted under 28 U.S.C. § 1915(e), it is recommended that the Court decline to exercise supplemental jurisdiction over potential state law claims and that Plaintiff's federal constitutional claims be dismissed because they are barred by *Heck v. Humphrey*[2] and/or seek relief that is not available in a suit under 42 U.S.C. § 1983.

**I.    BACKGROUND**

Plaintiff filed this suit under 42 U.S.C. § 1983 against the 19th Judicial District Court and Dana Cummings alleging violations of his constitutional rights because of his conviction by a non-unanimous jury.[3] Plaintiff complains that he was treated differently than similarly situated persons, who were acquitted because of a split jury decision.[4] Plaintiff then amended his Complaint to add Judge Louis Daniels.[5] Later, Plaintiff supplemented his Complaint again to add the following additional defendants: Afi Patterson, Anderson Clark (trial counsel, public defender), and Lieu T.

---

[1] R. Docs. 1, 6, 8, 13.  Documents in the court record are referred to as "R. Doc. __."
[2] 512 U.S. 477 (1994).
[3] R. Doc. 1.
[4] R. Doc. 1, pp. 4-5; R. Doc. 8; R. Doc. 13.  Plaintiff characterizes this claim as a "class-of-one" equal protection claim.
[5] R. Docs. 6, 13.

Vo Clark (Louisiana Appellate Project, appeal counsel).[6] In the most recent amendment, Plaintiff alleges that he was "discriminated against for his race and financial disadvantages, lack of funds to be represented by retained counsel."[7] Plaintiff requests money damages and injunctive relief.[8]

## II. LAW & ANALYSIS

### A. Standard of Review

This Court may dismiss a claim by a prisoner against a governmental entity or an officer or employee of a governmental entity, or by any other plaintiff who has been granted IFP status, if the claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.[9] The screening process gives the court the ability early in the case to separate those claims that may have merit from those that lack a basis in law or in fact. Dismissal of any claim that does not pass screening may be made before service of process or before any defendant has answered. Plaintiff has sued government officials, so his Complaint is subject to screening.

To decide whether a Complaint fails to state a claim for purposes of screening under §§ 1915(e) and/or 1915A, courts apply the same standard used for dismissal under Federal Rule of Civil Procedure 12(b)(6).[10] This means the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[11] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

---

[6] R. Doc. 13, p. 4.
[7] R. Doc. 13, p. 4.
[8] R. Doc. 1, p. 6; R. Doc. 13, p. 6.
[9] 28 U.S.C. §1915(e) provides for dismissal of claims that are frivolous, malicious, or fail to state a claim where the plaintiff was allowed to file the lawsuit without prepaying the costs, which is called *in forma pauperis* ("IFP"). 28 U.S.C. §1915A provides for dismissal of claims by prisoners against a governmental entity or employee of a governmental entity for the same reasons regardless of the pauper status of the plaintiff. Plaintiff was granted IFP status on June 7, 2024, so both statutes apply. R. Doc. 9.
[10] *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards for determining whether a complaint fails to state a claim for relief are the same under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A and Fed. R. Civ. P. 12(b)(6).
[11] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

plausible on its face.'"[12] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[13] For a complaint to survive dismissal, it must contain enough factual information to raise a reasonable expectation that discovery will provide evidence of each element of the plaintiff's claim.[14]

### B. Plaintiff's § 1983 Claims for Money Damages are Barred by *Heck v. Humphrey*

In *Heck v. Humphrey*,[15] the United States Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."[16] Plaintiff specifically complains that his due process rights were violated by his non-unanimous jury conviction and the failure of the defendants to acquit him. He also argues that the failure to acquit gives rise to a "class-of-one" equal protection claim because similarly situated individuals were acquitted after being convicted by non-unanimous juries.[17] These claims call into question the validity of Plaintiff's conviction. Because Plaintiff's claims attack the constitutionality of his imprisonment, but his conviction and/or sentence has not been reversed, expunged, declared invalid, or called into question in any way, his claims for money damages under § 1983 are barred

---

[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[13] *Id.*
[14] *AGEM Management Services, LLC v. First Tennessee Bank Nat. Ass'n*, 942 F.Supp.2d 611, 617 (E.D. La. April 25, 2013), citing *Lormand v. U.S. Unwired, Inc*., 565 F.3d 228, 255-57 (5th Cir. 2009).
[15] 512 U.S. 477 (1994).
[16] *Id.* at 487. *See also*, *Wells v. Bonner*, 45 F.3d 90, 94 (5th Cir. 1995).
[17] R. Doc. 1, pp. 4-5; R. Doc. 13, pp. 4-5.

3

by *Heck v. Humphrey* and fail to state a claim upon which relief may be granted. His federal constitutional claims for damages under § 1983 should, therefore, be dismissed under 28 U.S.C. §§ 1915(e) and 1915A.[18]

### C. Plaintiff's Request for Immediate Release is Not Properly Brought Under § 1983

Plaintiff also requests injunctive relief in the form of "immediate release."[19] A civil rights action under 42 U.S.C. § 1983 is not the proper procedure to bring a claim for release from custody. Instead, a writ of habeas corpus is the proper means to challenge the fact or duration of confinement.[20] It does not appear from a review of court records that Plaintiff has filed a habeas petition before. Although §1983 suits may be considered habeas applications in certain circumstances, this Court should not do so here[21] as it appears that any habeas action based on the

---

[18] Plaintiff's claims against Judge Louis Daniels and the prosecuting district attorney, Dana Cummings, are also subject to dismissal because those defendants are absolutely immune from suit for money damages for actions taken in those roles. A district court may appropriately consider in the screening process whether absolute immunity bars any claims. *See Boyd v. Biggers,* 31 F.3d 279, 284-285 (5th Cir. 1994) ("it remains appropriate for district courts to consider the possible applicability of the doctrine of absolute immunity … as a threshold matter" in deciding whether a plaintiff's claims are subject to dismissal under § 1915; "Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process."). To the extent Plaintiff's claim for immediate release is considered a habeas action, these are also not the proper defendants for that type of claim. *See Bell v. River Bend Detention Center*, No. 16-429, 2016 WL 4574589, at n. 3 (W.D. La. June 20, 2016) ("the proper defendant in a habeas corpus petition is the official in charge of the custody of the petitioner, i.e. the Warden."). Additionally, the 19th Judicial District Court is not a proper defendant under § 1983 because a court is not a "person." *Wilkerson v. 17th Judicial Dist. Court, Parish of LaFourche*, No. 08-1196, 2009 WL at *3-4 (E.D. La. 2009) (state court is not a "person" subject to suit under § 1983).
[19] R. Doc. 1, p. 6.
[20] *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) ("Generally, § 1983 suits are the proper vehicle to attack unconstitutional conditions of confinement and prison procedures . . . .A habeas petition, on the other hand, is the proper vehicle to seek release from custody) (citations omitted); *see also*, *Smith v. Wilkinson*, No. 08-53, 2008 WL 891992, at *1 (W.D. La. Feb. 21, 2008) (same). As noted in *Branch*, a plaintiff is also required to exhaust state court remedies before filing a federal habeas petition or the habeas claim is subject to dismissal. *Branch*, 2007 WL 2377342, at **1-2.
[21] *See Williams v. Embrey*, No. 17-984, 2019 WL 10945244, at *4 (N.D. Tex. April 24, 2019) (the Court has discretion to consider a § 1983 complaint as requesting habeas relief under § 2254).

4

claims alleged in this suit would be time-barred and because a claim based on conviction by a non-unanimous jury will ultimately be unsuccessful.[22]

For these reasons, Plaintiff's request for injunctive relief in the form of "immediate release" should be denied. If Plaintiff believes he can overcome these issues and wants to file a suit seeking immediate release, he should be required to file a new lawsuit.[23]

### D. Exercise of Supplemental Jurisdiction Over Potential State Law Claims Should be Declined

To the extent Plaintiff's allegations may be considered a request for this Court to exercise supplemental jurisdiction over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.[24] District courts are given "wide latitude" in their disposition of state law claims,[25] and "[t]he general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before

---

[22] Plaintiff was convicted on February 7, 2013, over eleven years before this suit was filed. R. Doc. 1, p. 4. Under 28 U.S.C. § 2244(d), federal habeas claims generally must be filed within one-year of the date the conviction and sentence are final. Given the length of time that has passed, it is difficult to imagine that any habeas claim brought by Plaintiff could be timely. Additionally, Plaintiff's challenge to his conviction by a non-unanimous jury lacks merit. *Edwards v. Vannoy*, 593 U.S. ---, 141 S.Ct. 1547 (2021) held that the ruling of *Ramos v. Louisiana*, 590 U.S. --, 140 S.Ct. 1390 (2020), declaring conviction for serious crimes by non-unanimous juries unconstitutional, is not retroactive. Since Plaintiff was convicted before *Ramos* was decided, any challenge to his conviction because it was by a non-unanimous jury will fail.

[23] Timothy Hooper would be the proper defendant for a habeas case brought under § 2254 because he is currently the warden of the correctional facility where Plaintiff is confined. *See Bell*, 2016 WL 4574589, at n. 3 ("the proper defendant in a habeas corpus petition is the official in charge of the custody of the petitioner, i.e. the Warden.").

[24] 28 U.S.C. § 1367.

[25] *See Enochs v. Lampasas Cnty.*, 641 F.3d 155, 161 (5th Cir. 2011), quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 727 (1966).

trial."[26] Having recommended that all federal claims be dismissed, it is further recommended that the Court decline to exercise supplemental jurisdiction over any potential state law claims.

### RECOMMENDATION

**IT IS RECOMMENDED** that the Court decline to exercise supplemental jurisdiction over Plaintiff's potential state law claims and that Plaintiff's federal claims under 42 U.S.C. § 1983 for money damages and injunctive relief be **DISMISSED WITH PREJUDICE** under 28 U.S.C. §§ 1915(e) and 1915A for failure to state a claim.[27]

### ORDER

**IT IS ORDERED** that the pending Motion for Appointment of Counsel,[28] filed by Plaintiff Reginald Davis, be **DENIED** without prejudice to reurging if the recommendation of dismissal is not adopted, since the recommendation would conclude this case.

**IT IS FURTHER ORDERED** that the pending Motion to Proceed *in Forma Pauperis*,[29] filed by Plaintiff Reginald Davis, be **DENIED AS MOOT**. Plaintiff was already granted IFP status on June 7, 2024.[30]

Signed in Baton Rouge, Louisiana, on November 5, 2024.



**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[26] *Brookshire Bros. Holding v. Dayco Prod., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009); *see also Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992) ("Our general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed." (citing *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989))).

[27] Plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." If this recommendation for dismissal of all claims is adopted, the dismissal will count as a strike.

[28] R. Doc. 7.
[29] R. Doc. 14.
[30] R. Doc. 9.

6