UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

REGINALD DAVIS                                              CIVIL ACTION

VERSUS

19TH JUDICIAL DISTRICT COURT,                   NO. 24-00321-BAJ-EWD
ET AL.

## RULING AND ORDER

Plaintiff, an inmate confined at the Louisiana State Penitentiary, brings suit under 42 U.S.C. § 1983 alleging that his constitutional rights were violated because of his conviction by a non-unanimous jury, among other claims. (*See* Docs. 1, 6, 13). Pursuant to the screening requirements of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the Magistrate Judge has now issued a **Report and Recommendation (Doc. 15, the "Report")**, recommending that Plaintiff's federal constitutional claims be dismissed because they are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994),[1] and/or seek relief that is not available in a suit under § 1983, and further recommending that the Court decline to exercise supplemental jurisdiction over potential state law claims, to the extent any such claims exist. (*See* Doc. 15). Plaintiff's deadline to object to the Report has passed, without any objection from Plaintiff.

Having carefully considered the operative Complaint and related filings, the

---

[1] In *Heck*, the U.S. Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." 512 U.S. at 487.

Court **APPROVES** the Report and **ADOPTS** it as the Court's opinion in this matter.

Accordingly,

**IT IS ORDERED** that Plaintiff's federal constitutional claims be and are hereby **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e) and 1915A for failure to state a claim.

**IT IS FURTHER ORDERED** that the Court declines to exercise supplemental jurisdiction over Plaintiff's potential state law claims.

Judgment shall issue separately.

Baton Rouge, Louisiana, this 21ST day of November, 2024

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**